**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **CHRISTOPHER FLETCHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.** |
| | ) **26-13332-BEM** |
| | ) |
| **STEPHEN KENNEDY, Superintendent, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

On July 21, 2026, plaintiff filed this civil action but failed to pay the filing fee or to seek a waiver thereof.  To the extent plaintiff wishes to proceed with this action, he either shall (1) pay the $405.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.  The motion for appointment of counsel and motion for injunctive relief are denied without prejudice.

## I.      Background

Christopher Fletcher, who is serving a sentence at the Souza Baranowski Correctional Center and proceeding *pro se*, has filed a complaint against several correctional officials and the current and former prison healthcare provider alleging deliberate indifference to his serious medical needs.  Dkt. 1.  Mr. Fletcher also filed a motion for a motion for injunctive relief  with supporting memorandum and a motion for appointment of counsel.  Dkt. 3 – 5.  He did not pay the filing fee nor file a motion for leave to proceed *in forma pauperis*, with a copy of his institutional account statement.

**II.**      <u>**Motion for Injunctive Relief**</u>

Plaintiff seeks to have this Court "enjoin defendants from subjecting Plaintiff to irreparable harm and injury." Dkt. 3. With the motion, Fletcher filed a supporting memorandum of law. Dkt. 4. Specifically, Fletcher seeks provision of (1) necessary pain medication, (2) auxiliary aids, (3) a medical procedure [tibial tendon transfer], and (4) appointment of a medical specialist. *Id.* at 1.

Fletcher's motion fails to meet the requirements for preliminary injunctive relief or a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. "[A] preliminary injunction may be imposed 'only on notice to the adverse party,' a requirement that ... include[s] a hearing followed by findings that the party to be favored has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm[,] and can claim the greater hardship in the absence of an order...." *Fryzel v. Mortg. Elec. Reg. Sys., Inc.*, 719 F.3d 40, 44 (1st Cir. 2013) (quoting Fed. R. Civ. P. 65(a)(1)). A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)A). Further, the party must certify to the Court in writing the efforts, if any, which have been made to give the defendant notice of the request for a restraining order, or the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

To the extent Fletcher seeks an ex parte Temporary Restraining Order, he has not shown that "immediate and irreparable" harm will occur before the defendants can be heard in opposition to the motion. Moreover, he has not certified his efforts to give notice to the defendants of his motion for injunctive relief or explained why such notice should not be required. His failure to meet the requirements of Fed. R. Civ. P. 65(b) provides sufficient ground for denial of a temporary

restraining order and a preliminary injunction will not issue without notice to the adverse party. Thus, the motion is denied without prejudice.

### III.    Filing Fee

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $55.00 administrative fee[1], see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).  Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).[2]

### IV.    Appointment of Counsel

Pursuant to the in forma pauperis statute, the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991).  At this

---

[1] The $55.00 administrative fee does not apply to persons proceeding in forma pauperis.  See Judicial Conference Fee Schedule.

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

early stage of the proceedings, and because plaintiff has not yet moved for leave to proceed *in forma pauperis*, the motion for appointment of counsel is denied, without prejudice.

## V.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1)    The motion for injunctive relief, Dkt. 3, is DENIED without prejudice.

2)    The motion for appointment of counsel, Dkt. 5, is DENIED, without prejudice.

3)    To the extent Fletcher wishes to proceed with this action, within 42 days of the date of this Memorandum and Order, he either shall (1) pay the $405.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.  For the convenience of litigants, this Court provides a form application to seek leave to proceed *in forma pauperis*.  The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

4)    The Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at the Souza Baranowski Correctional Center, in order to facilitate any request by the plaintiff for his certified prison account statement.  The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed (July 21, 2026), as well as the average monthly balance for that same period.

5)    Failure of the plaintiff to file, within 42 days of the date of this Memorandum and Order, payment of the filing fee or an application to proceed *in forma pauperis* accompanied by

4

a certified prison account statement may result in the dismissal of this action.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated: July 22, 2026                    Judge, United States District Court